UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00654-TBR

TONISHA JOHNSON                                                                                  Plaintiff

v.

THE HARTFORD                                                                                   Defendant

## MEMORANDUM OPINION

This action involves an appeal of the administrative decision that Plaintiff Tonisha Johnson (Johnson) was not eligible to participate in the group long-term disability insurance plan ("LTD Plan" or "the Plan") offered by her employer, Syke Enterprises, Inc. (Syke), and insured by Hartford Life and Accident Insurance Company (Hartford). In its January 2, 2013, Order, the Court ordered that Hartford file its brief no later than January 11, 2013, with Johnson's response due by March 1, 2013. (Docket No. 9.) Hartford complied by filing its "Motion to Affirm the Administrative Decision and, Alternatively, Motion for Summary Judgment," along with supporting memorandum of law, on January 10, 2013. (Docket Nos. 10; 10-1.) That same day, Johnson, through counsel, filed her "Memorandum in Support of Judgment on the Merits."[1] (Docket No. 11.) Hartford responded to Johnson's Memorandum on February 4, 2013. (Docket No. 12.)

---

[1] Johnson's original Memorandum filed January 10, 2013, (Docket No. 11), contained what appeared to be an advertisement banner for the software "PDF Complete" in the upper left corner of each page, which covered minor portions of the document text. After the Clerk of Court contacted Johnson's counsel via e-mail on January 11, 2013, and again on March 7, 2013, Johnson refiled a copy of her Memorandum without the "PDF Complete" banner on March 11, 2013. (Docket No. 15.) The Court has reviewed the refiled copy, but for purposes of this Opinion, will cite the original document at Docket No. 11.

BACKGROUND

Johnson began working for Syke in March 2010. She was involved in an automobile accident on July 29, 2011, and did not return to work thereafter. Johnson received short-term disability benefits under a separate policy insured by AFLAC. When those benefits ended, she applied for long-term disability benefits under Syke's LTD Plan, which was issued by Hartford. Hartford also served as the claims administrator under the LTD Plan. The Plan defined eligible employees as all active, full-time hourly employees, meaning those employees working at least 32 hours per week. The LTD Plan further outlined the procedure for appealing the denial of a claim for benefits. That procedure required that a claimant submit a written request for review to Hartford within 180 days of receipt of a claim denial if the claim requires a determination of disability, or within 60 days of receipt of a claim denial for all other claims. Under the terms of the Plan, Hartford retained full discretion and authority to determine eligibility and to construe and interpret the Plan's terms.

The administrative record reflects that Johnson worked approximately 20-30 hours per week during her employment with Syke, and worked only one two-week pay period during that time in which her hours exceeded 64 hours for a two-week period. After considering Johnson's application for long-term disability benefits, Hartford concluded that she was not eligible for coverage under the LTD Plan because she was not a full-time employee under the Plan's terms and conditions. Hartford informed Johnson of its decision by letter of March 5, 2012. (Admin. R. at 93.) In that letter, Hartford outlined the procedure for appealing its determination and explained that she had 180 days to submit a written request for review; that upon receiving her written

appeal, Hartford would again review her entire claim; and that after further review, Hartford would advise her of its final determination. Hartford's March 5 letter also advised Johnson that if it denied her claim again on appeal, she would then have the right to bring a civil action under Section 502A of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*.

Johnson took no action within the 180-day period to appeal her claim to Hartford. Then on September 6, 2012, Johnson filed this action in Jefferson Circuit Court. Johnson's Complaint seeks a substantive review of whether she is disabled under the Plan's terms. Hartford did not reach this issue and made no disability determination because it determined she was not a full-time employee and, thus, not eligible for long-term disability benefits.

Hartford now moves the Court to affirm its administrative decision or, alternatively, for summary judgment, arguing its determination that Johnson was not a full-time employee was correct, and, even if it were not, this action is nonetheless barred because Johnson failed to exhaust her administrative remedies. Johnson has not filed a response to Hartford's Motion. Johnson did file her Memorandum, but she does address either the issue whether she was a full-time employee for purposes of eligibility under the LTD Plan, nor does she address (or even mention) the exhaustion-of-administrative-remedies issue. Rather, she seems to argue that Hartford's decision was incorrect because she "became eligible the date she was involved in a motor vehicle accident" and because she is now disabled.

DISCUSSION

Hartford moves the Court (1) to affirm its administrative decision that Johnson was not an eligible participant under the LTD Plan, and (2) for summary judgment on the basis that Johnson failed to exhaust her available administrative remedies prior to filing suit. The Court will address each issue in turn.

I. **Hartford's determination that Johnson was not an eligible employee under the terms and definitions of the Plan was not arbitrary and capricious.**

Generally, courts "review a plan administrator's denial of ERISA benefits *de novo*." *Moon v. Unum Provident Corp.*, 405 F.3d 373, 378 (6th Cir. 2005) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). However, when "a plan vests the administrator with complete discretion in making eligibility determinations, such determinations will stand unless they are arbitrary or capricious." *Id.* "The arbitrary and capricious standard is the least demanding form of judicial review and is met when it is possible to 'offer a reasoned explanation, based on the evidence, for a particular outcome.'" *Admin. Comm. of the Sea Ray Emps.' Stock Ownership & Profit Sharing Plan v. Robinson*, 164 F.3d 981, 989 (6th Cir. 1999) (citation omitted). "Consequently, a decision will be upheld 'if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence.'" *Evans v. UnumProvident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006) (citations omitted). Under this standard, "the Court must decide whether the plan administrator's decision was 'rational in light of the plan's provisions,'" *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000), but the Court may not substitute its own judgment for that of the plan administrator. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Here, Hartford made no disability determination but instead denied Johnson's application for benefits on the basis that she was not an eligible plan participant under the terms of the LTD Plan because she was not an "active full-time employee." The Supreme Court has consistently held that: "[n]othing in ERISA requires employers to establish employee benefits plans. Nor does ERISA mandate what kind of benefits employers must provide if they choose to have such a plan." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003) (quoting *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996)). Accordingly, employers such as Syke "have large leeway [under ERISA] to design disability and other welfare plans as they see fit." *Id.* Because the LTD Plan here is governed by ERISA, the Court must "apply federal common law rules of contract interpretation," one of which being that the Plan's provisions must be interpreted "according to their plain meaning, in an ordinary and popular sense." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998) (citing *Pitcher v. Principal Mut. Life Ins. Co.*, 93 F.3d 407, 411 (7th Cir. 1996); *Regents of the Univ. of Mich. v. Agency Rent-A-Car*, 122 F.3d 336, 339 (6th Cir. 1997)).

The LTD Plan provided by Syke provides that coverage begins "the date You become eligible." (Admin. R. at 8.) The Plan unambiguously defines eligible workers as "Active Full-time Hourly Employees." (Admin. R. at 6.)

> Active Full-time Employee means an employee who works for the Employer on a regular basis in the usual course of the Employer's business. The employee must work the number of hours in the Employer's normal work week. This must be at least the number of hours indicated in the Schedule of Insurance.

(Admin. R. at 19.) The Schedule of Insurance defines full-time as "32 hours weekly." (Admin. R. at 6.) Therefore, under the plain meaning of the Plan's terms and

conditions, an eligible employee under the LTD Plan is one who works at least 32 hours per week.

Johnson submitted records to Hartford showing the hours she worked for each two-week pay period she was employed in 2010 and 2011. (Admin. R. at 160-61.) During only one of those two-week periods (the first two-week period after she was initially hired in March 2010) did Johnson work more than 64 hours; in every other period she worked less, typically between 20 and 30 hours per week. Additionally, Hartford's records of a telephone interview with Johnson regarding her claim reflect that Johnson reported "working about 30 hrs/week" and described her position as "technically a part time position." (Admin. R. at 88-89.) Syke also considered Johnson to be a part-time employee. (*See* Admin. R. at 181.)

Based on the information provided by Syke and by Johnson herself, Hartford concluded Johnson was not eligible because she did not work the requisite 32-hours per week to qualify as an active full-time employee eligible under the terms of the Plan. The information before Hartford, which was primarily received from Johnson herself, consistently established that she did not work enough hours to be considered a full-time employee under the Plan's clear and unambiguous provisions. Accordingly, the Court is satisfied that Hartford's decision regarding Johnson's eligibility under the terms of the LTD Plan was reasoned, supported by substantial evidence, and rational in light of the Plan's provisions. For these reasons, Hartford is entitled to affirmation of its administrative decision and judgment on the administrative record.

## II.   Johnson failed to exhaust her available administrative remedies.

Hartford next argues that even if it were not entitled to have its decision upheld, it is nonetheless entitled to summary judgment because Johnson failed to exhaust her administrative remedies prior to filing suit.  (Docket No. 10-1, at 8-10.)  Johnson has not responded to this argument, nor does she address the exhaustion issue in her Memorandum.  (*See* Docket No. 11.)

Before proceeding to discuss whether Johnson exhausted her available remedies, the Court pauses to note that some question remains whether summary judgment is appropriate here.  The limited guidance from the Sixth Circuit suggests that summary judgment generally is not the proper mechanism for adjudicating ERISA claims.  *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring) ("[S]ummary judgment procedures set forth in Rule 56 are inapposite to ERISA actions and thus should not be utilized in their disposition.").  However, *Wilkins v. Baptist Healthcare Sys., Inc.* dealt with the denial of benefits under ERISA rather than a failure to exhaust remedies.  *See id.* at 611.  Notwithstanding Judge Gilman's concurrence, other district courts, both within this Circuit and without, have increasingly recognized summary judgment as a proper means of challenging a plaintiff's claim for failure to exhaust administrative remedies before filing suit.  *See, e.g.*, *Gunn b. Bluecross Blueshield of Tenn., Inc.*, 2012 WL 1711555, at *4 (E.D. Tenn. May 15, 2012); *Hood v. Ford Motor Co.*, 2011 WL 3651322, at *8 (E.D. Mich. Aug. 19, 2011); *Zappley v. The Stride Rite Corp.*, 2010 WL 234713, at *4 (W.D. Mich. Jan. 3, 2010); *accord Morillo v. 199 SEIU Benefit & Pension Funds*, 783 F. Supp. 2d 487, 493 (S.D.N.Y. 2011); *Thibodeaux v. Prudential Ins. Co. of Am.*, 2008 WL 5397236, at *1

(W.D. La. Oct. 30, 2008). Failure to exhaust remedies is typically considered an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 212 (2007). As such, it cannot properly support a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which focuses on the plaintiff's complaint. *Gunn*, 2012 WL 1711555, at *4; *Zappley*, 2010 WL 234713, at *4; *accord Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) ("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim."). Accordingly, courts have concluded that a motion for summary judgment under Fed. R. Civ. P. 56 is the proper vehicle for the defendant in an ERISA action to raise failure to exhaust as an affirmative defense. *See, e.g.*, *Gunn*, 2012 WL 1711555, at *4.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of her position; she must present evidence on which the trier of fact could reasonably find for her. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact

must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Still, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

ERISA permits an individual covered under an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 28 U.S.C. § 1132(a)(1)(B).  Although not formally codified in the statute, the Sixth Circuit has long held that an ERISA plaintiff must exhaust administrative remedies prior to commencing a civil action.  *See Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 717 (6th Cir. 2005) ("[I]t is well settled that ERISA plan beneficiaries must exhaust administrative remedies prior to bringing a suit for recovery on an individual claim."); *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) ("[T]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991))).  Johnson has not disputed

that she was required to exhaust her administrative remedies prior to filing suit. (*See* Docket No. 11.)

To properly exhaust, a plaintiff must pursue whatever appeal mechanisms are available. *E.g.*, *Laird v. Norton Healthcare, Inc.*, 2010 WL 411546, at *2 (W.D. Ky. Jan. 29, 2010). A plaintiff's failure to exercise the right of appeal available to her "results in it being impossible to exercise it at all, preventing her from ever exhausting the administrative process and thus barring the door to the courthouse." *Id.*; *see also Harris v. Pepsi Bottling Group, Inc., Location No. 42*, 438 F. Supp. 2d 728, 734 (E.D. Ky. 2006) (dismissing with prejudice an ERISA plaintiff's claim because her "opportunity to administratively appeal ha[d] expired" after she failed to timely appeal employer's decision).

Still, courts will excuse nonexhaustion where "resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). Johnson raises neither of these challenges here. Regardless, upon review of the administrative record and the relevant case law applying those exceptions to the exhaustion requirement, the Court is satisfied that neither exception is applicable to this case.

Hartford informed Johnson of its decision by letter dated March 5, 2012. The record shows no evidence that Johnson timely appealed Hartford's determination before commencing this action, and Johnson has neither argued that she did, nor responded in opposition to Hartford's Motion. Therefore, because Johnson failed to exhaust her administrative remedies prior to filing this civil action, the Court finds summary judgment for Hartford is proper under Fed. R. Civ. P. 56.

CONCLUSION

For these reasons, the Court finds that because Johnson's claim was properly denied, judgment on the administrative record in favor of Hartford is proper. Furthermore, even if Hartford were not entitled to judgment on the record, it would nonetheless be entitled to summary judgment because Johnson failed to exhaust her administrative remedies prior to commencing this civil action. Therefore, Hartford's Motion, (Docket No. 10), will be GRANTED, and an appropriate Order of judgment and dismissal will issue separately with this opinion.

Date:

cc: Counsel